952 F.2d 405
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles MARTIN, Personal Representative of the Estate of
Hubert Taylor, deceased, Petitioner,
v.
PEABODY COAL COMPANY, Old Republic Insurance Co., Office of
Workers' Compensation Program, Respondents, and
Benefits Review Board, Party-in-Interest.
 No. 86-2590.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 13, 1991.
Decided Jan. 7, 1992.
Rehearing Denied March 9, 1992.
 
 Before EASTERBROOK, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 This case comes before us for the third time. The issue remains whether, in a rebuttal inquiry under 20 C.F.R. § 727.203(b)(2), Peabody Coal can present medical evidence to rebut the Department of Labor (DOL) presumption in favor of Hubert Taylor's eligibility for black lung benefits. In our first opinion in this case, we affirmed the Benefit Review Board's denial of benefits, Taylor v. Peabody Coal Co., 838 F.2d 227 (7th Cir.1988), but that decision was subsequently vacated and remanded for further consideration in light of the Supreme Court's decision in Pittston Coal Group v. Sebben, 488 U.S. 105 (1988). On remand, we reinstated the Administrative Law Judge's award of benefits to Taylor. Taylor v. Peabody Coal Co., 892 F.2d 503 (7th Cir.1989). However, the Supreme Court in turn vacated that decision as well and again remanded the matter to this court for further consideration in light of Pauley v. BethEnery Mines, Inc., 59 U.S.L.W. 4778 (1991).
 
 
 2
 In Pauley, the Supreme Court was asked to rule on the validity of two DOL rebuttal sections, 20 C.F.R. §§ 727.203(b)(3) and (b)(4), in light of the restrictively prohibition of 30 U.S.C. § 902(f)(2). In each of the three cases consolidated for review in Pauley, rebuttal was established by medical evidence showing that the miner did not have pneumoconiosis ((b)(4)), or any related total disability did not arise our of coal mine employment ((b)(3)). Although recognizing that the Social Security Administration's regulations did not authorize these rebuttal techniques, the Supreme Court held that the DOL's rebuttal rules were not "more restrictive" within the meaning of § 902(f)(2). The Court reasoned that where the SSA regulation is ambiguous or silent on the point, the DOL's regulation must be afforded deference if it accords with the statute and otherwise meets a reasonableness test. See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).
 
 
 3
 The petitioner has not presented any evidence to support the conclusion that the DOL's interpretation of 20 C.F.R. § 727.203(b)(2), which would permit consideration of all relevant medical evidence when rebutting a presumption of eligibility, is unreasonable and should not otherwise be afforded deference. We therefore AFFIRM the Benefits Review Board's denial of benefits for the reasons stated in our first opinion on this matter.