**Hubert C. TAYLOR, Petitioner,**

**v.**

**PEABODY COAL COMPANY and Director, Office of Workers' Compensation, Respondents.**

**No. 86–2590.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 28, 1987.

Decided Jan. 25, 1988.

Jack N. VanStone, VanStone & Krochta, Evansville, Ind., for petitioner.

W.C. Blanton, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for respondents.

Before EASTERBROOK, RIPPLE, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Petitioner is Hubert C. Taylor, ("Taylor"), a retired miner. Respondent is Peabody Coal Co., ("Peabody"), his former employer. This appeal concerns Taylor's 1978 claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945. We have jurisdiction pursuant to § 21(c) of the Longshoreman's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 921(c), as incorporated by § 422(a) of the Black Lung Benefits Act, 30 U.S.C. § 932(a). Congress divided black lung benefits claims into two separately administered programs, one formerly regulated by the Secretary of Health, Education and Welfare under 20 C.F.R. § 410.490 (Part B) and another regulated by the Secretary of Labor under 20 C.F.R. § 727.203 (Part C). Claims filed before December 31, 1973 are resolved under Part B's provisions and those filed after that date are administered under Part C's provisions. We agree with the analysis of the Benefits Review Board, which found that because Taylor's claim was filed after the December 31, 1973 cutoff date, it must be resolved under the Part C provisions found at 20 C.F.R. § 727.203. We therefore deny Taylor's petition for review.

The Office of Workers' Compensation Programs approved Herbert Taylor's application for benefits on March 31, 1981. Peabody filed a Notice of Controversion on April 8, 1980 and requested a formal hearing.

The Administrative Law Judge ("ALJ") held a hearing on December 4, 1984. Because Taylor's claim was filed after the deadline for Part B claims, the ALJ initially applied Part C regulations promulgated by the Secretary of Labor. The ALJ found that Taylor met his initial burden under 20 C.F.R. § 727.203 by establishing a rebuttable presumption that he was entitled to benefits. The ALJ concluded, however, that Peabody successfully rebutted the interim presumption pursuant to 20 C.F.R. § 727.203(b)(2) by presenting medical evidence that Taylor had only a mild pulmonary impairment which did not prohibit him from performing his work.

Taylor argued that Congress intended to liberalize eligibility for black lung benefits. The ALJ next examined Taylor's claim under the Part B regulations. He found that Taylor was entitled to benefits and that Peabody failed to rebut the presumption that Taylor should receive black lung benefits.

Peabody then appealed the ALJ's decision to the Benefits Review Board ("Board"). The Board reversed the ALJ's application of Part B regulations and held that claims for black lung benefits filed after December 31, 1973 must be resolved through an exclusive application of Part C regulations.

Petitioner argues that in amending the Black Lung Benefits Act, Congress intended to liberalize the eligibility requirements. Title 30 U.S.C. § 902(f)(2)(C) mandates that "[r]egulations promulgated under this subsection by the Secretary of Labor; *shall not be more restrictive* than the criteria applicable to a claim filed on June 30, 1973.... (Part B)." Taylor interprets the "not more restrictive" language of the statute as a direction to consider his claim under the more "liberal" criteria of Part B.

Petitioner contends that this interpretation is more consistent with the policy of liberalization underlying the amended Black Lung Benefits Act. In his initial brief, petitioner cites *Halon v. Office of Workers' Compensation Programs,* 713 F.2d 21 (3rd Cir. 1982) in which a claim for black lung benefits was filed after the 1973 deadline and disposed of by the Department of Labor. In *Halon,* the Third Circuit interpreted the "not more restrictive" language of 30 U.S. C. § 902(f)(2) as entitling the claimant to the benefit of disposition under Part B.

The *Halon* court wrote:

We agree ... that if the Board is to effectuate the intent of Congress in enacting the 1977 Amendments to the Black Lung Benefits Act, of which 30 U.S.C. § 902(f)(2) is a part, it must apply the presumption in C.F.R. § 410.490(b) whenever the claimant establishes pneumoconiosis by x-ray, biopsy or autopsy, and also establishes that the pneumoconiosis arose out of coal mine employment.

*Halon,* 713 F.2d at 31. Other circuits are in accord. *Coughlan v. Director, OWCP,* 757 F.2d 966, 968 (8th Cir.1985); *Kyle v. Director, OWCP,* 819 F.2d 139, 143 (6th Cir.1987); *Broyles v. Director, OWCP,* 824 F.2d 327 (4th Cir.1987); *In re Sebben,* 815 F.2d 475 (8th Cir.1987) (*petition for cert. filed*).

■ However, we do not agree with this interpretation. In *Strike v. Director,* 817 F.2d 395 (7th Cir.1987), as in the case at bar, the claimant sought consideration under the Part B regulations of 20 C.F.R. § 410.490 because the criteria for the Part C regulations under 20 C.F.R. § 727.203 were "more restrictive."

We reviewed the legislative history of the term "criteria," and held that:

[W]e are nonetheless convinced that the statute and the relevant legislative history do make clear that in enacting § 902(f)(2), *Congress only intended to prohibit the Secretary of Labor from applying more restrictive medical criteria* in reviewing previously denied and pending claims pursuant to § 945.

*Strike,* 817 F.2d at 404. (Emphasis added.)

Thus, this circuit has rejected the argument that Congress intended § 410.490 to be applied to Part C claims when it "liberalized" the Black Lung Benefits Act.

■ Petitioner, in his initial brief, said the case is like *Halon.* In his reply brief (after *Strike*) he distinguishes this case from *Halon.* Petitioner cannot have it both ways. It is well settled that issues appearing for the first time in a reply brief will not be considered by this court. *See* Rule 9(c) of the Rules of the United States Court of Appeals for the Seventh Circuit; *Matter of Bear,* 789 F.2d 577, 579 (7th Cir.1986); *Christmas v. Sanders,* 759 F.2d 1284, 1292 (7th Cir.1985); *Beerly v. Department of Treasury,* 768 F.2d 942, 949 (7th Cir.1985).

Because we adhere to our holding in *Strike* that "[t]he Part B and Part C programs were intended to be separate and distinct," *Id.* p. 405, we find that the Board correctly resolved Taylor's claim by exclusively applying the Part C regulations. Taylor did not establish eligibility for black lung benefits under Part C, and the ALJ cannot refer to the procedural provisions of Part B. Thus, Taylor's petition seeking review of the Board's decision is DENIED.