Hubert C. TAYLOR, Petitioner,

v.

PEABODY COAL CO. and Director, Office of Workers' Compensation Programs, Respondents.

No. 86–2590.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 28, 1987.

Decided Jan. 25, 1988.

Reversed and Remanded Jan. 11, 1989.

Decided Aug. 28, 1989.*

Order on Denial of Rehearing and Rehearing En Banc Feb. 1, 1990.

hearing en banc on the issue of whether the Labor rebuttal rules violated 30 U.S.C. § 902(f)(2).

---

* Pursuant to Circuit Rule 40(f), this opinion has been circulated among all judges of this court in regular active service. No judge favored a re-

Before EASTERBROOK, RIPPLE, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

This appeal has come before us for the second time. In our earlier opinion in this case, *Taylor v. Peabody Coal Co.*, 838 F.2d 227 (7th Cir.), *vacated,* —— U.S. ——, 109 S.Ct. 548, 102 L.Ed.2d 576 (1988) (*"Taylor I"*), we denied petitioner Hubert C. Taylor's petition for review of the Benefits Review Board's order reversing the decision of the Administrative Law Judge ("ALJ") that Taylor was entitled to black lung benefits. On January 11, 1989, the United States Supreme Court reversed and remanded our decision for reconsideration in light of its recent decision in *Pittston Coal Group v. Sebben,* —— U.S. ——, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988). On reconsideration, we reverse the decision of the Benefits Review Board and reinstate the ALJ's award of benefits to Taylor.

## I. Background

The black lung benefits program, as enacted by Congress, consists of two parts. Part B is a temporary program of federally financed benefits to be administered by the Secretary of Health, Education, and Welfare ("HEW"), and Part C provides for a more permanent program to be administered by the Secretary of Labor, relying on state workers' compensation programs where possible. *Pittston Coal Group,* 109 S.Ct. at 417. The Part B program, which applies to claims filed by living miners before June 30, 1973 and before December 31, 1973 for survivors' claims, is administered under regulations promulgated by HEW. Although HEW promulgated both permanent and interim regulations, only the interim regulations, 20 C.F.R. § 410.490 (1973), are at issue here. These regulations set out criteria under which the presumption of entitlement to black lung benefits under Part B can be invoked by the claimant and rebutted by the employer.[1]

In enacting the Black Lung Benefits Reform Act of 1977, Pub.L. No. 95–239, 92 Stat. 95 (codified in scattered sections of 30 U.S.C.), which gave the Secretary of Labor authority to establish total disability regulations for Part C cases, Congress provided

---

1. Because we only are concerned at this point with the validity of the Labor rebuttal rules, we will discuss those rules and the HEW rebuttal rules where appropriate. The validity of the Labor invocation rules already has been decided in *Pittston Coal Group,* where the Supreme Court discussed in detail these rules, the HEW invocation rules and the differences between the two sets of rules, 109 S.Ct. at 417–19. Hence, for brevity's sake, we will not discuss the invocation rules here.

that "[c]riteria applied by the Secretary of Labor ... shall not be more restrictive than the criteria applicable to a claim filed on June 30, 1973...." 30 U.S.C. § 902(f)(2). In response to the Black Lung Benefits Reform Act, the Secretary promulgated the interim regulations for Part C cases at issue here.[2] *See* 20 C.F.R. § 727.203.

The petitioner in this case, Hubert C. Taylor, filed his claim for black lung benefits on June 6, 1977. The Office of Workers' Compensation Programs approved his claim on March 31, 1980. Respondent Peabody Coal Company, however, filed a notice of controversion and the matter was referred to the Office of Administrative Law Judges. On August 29, 1985, the ALJ issued his decision and order awarding benefits to Taylor.

In this decision and order, the ALJ examined Taylor's claim under both the Part C regulations and the Part B regulations. Examining Taylor's claim under the Part C regulations, the ALJ found that Taylor successfully had invoked the presumption under 20 C.F.R. § 727.203(a), but that Peabody Coal successfully had rebutted the presumption under 20 C.F.R. § 727.203(b)(2). Peabody Coal was able to rebut the presumption by presenting medical evidence that Taylor had only a mild pulmonary impairment which did not prohibit him from performing his work. Under the Part B regulations, however, the ALJ found that Taylor successfully had invoked the presumption, and that Peabody Coal had failed to rebut the presumption.

Peabody Coal appealed the ALJ's decision to the Benefits Review Board. The Benefits Review Board reversed the ALJ's decision, determining that Taylor's claim should be resolved exclusively under the Part C (Labor) rules. The Benefits Review Board determined that *Halon v. Director, OWCP,* 713 F.2d 21 (3d Cir.1983), a case in which the Third Circuit interpreted the "not ... more restrictive" language of 30 U.S.C. § 902(f)(2) as entitling a claimant to

application of the Part B (HEW) rules in a claim disposed of by the Department of Labor, only applied to claims in the Third Circuit and in other circuits having adopted this standard.

Taylor appealed to this court. We affirmed the decision of the Benefits Review Board in our opinion in *Taylor I.* There, we determined that this case was controlled by our then-recent decision in *Strike v. Director, OWCP,* 817 F.2d 395 (7th Cir. 1987). In *Strike,* we held that in enacting 30 U.S.C. § 902(f)(2), Congress only intended to prohibit the Secretary of Labor from applying more restrictive *medical* criteria in reviewing claims pursuant to 30 U.S.C. § 945. Thus, in *Taylor I,* we interpreted *Strike* as "reject[ing] the argument that Congress intended 20 C.F.R. § 410.490 [the Part B rules] to be applied to Part C claims when it 'liberalized' the Black Lung Benefits Act." *Taylor I,* 838 F.2d at 229.

Taylor filed a petition for certiorari to the Supreme Court. This petition was held in abeyance because of the Supreme Court's pending decision in *Pittston Coal Group.* On December 6, 1988, the Supreme Court decided *Pittston Coal Group.* In that case, the Supreme Court held that the interim Labor rules violated the prohibition in 30 U.S.C. § 902(f)(2) against the Secretary of Labor's employing "[c]riteria ... not ... more restrictive than the criteria applicable to a claim filed on June 30, 1973." The Supreme Court determined that the word "criteria" did not refer solely to medical criteria. 109 S.Ct. at 419–23. It also considered, but left open, the question whether § 902(f)(2) applied solely to total disability criteria. *Id.* at 420.

The decision in *Pittston Coal Group,* however, only discussed, and refuted, the validity of the Labor *invocation* rules. In oral argument before the Supreme Court, the respondents in that case conceded the validity of the Labor *rebuttal rules,* "even though [these rules] permit rebuttal of more elements of statutory entitlement than did the interim HEW regulation." *Id.*

---

2. The permanent Labor regulations took effect on April 1, 1980. 20 C.F.R. § 718.2; *see also*

*Pittston Coal Group,* 109 S.Ct. at 419.

at 423. Thus, the Supreme Court did not have to decide the question of the validity of the Labor rebuttal rules under § 902(f)(2), nor did it have to consider the due process arguments raised by the petitioners. *Id.*

On January 11, 1989, the Supreme Court vacated our decision in *Taylor I,* and remanded this case to us for further consideration in light of its decision in *Pittston Coal Group.* Because the ALJ's decision and order determined that Peabody successfully rebutted the presumption under the interim Labor rebuttal rules, we are presented squarely with the issue whether these rules violate 30 U.S.C. § 902(f)(2).

## II. Discussion

### A. *Statutory Language*

■ The criteria under the interim Labor rules for determining whether the presumption has been rebutted differ from the rebuttal criteria in the HEW rules in one important respect. The HEW rules provide that the presumption can be rebutted by a showing that the miner was working or could work at his former coal mine employment or the equivalent. 20 C.F.R. §§ 410.-490(c)(1), (2). In *Cook v. Director, OWCP,* 816 F.2d 1182, 1185 (7th Cir.1987), we observed in another context that "the [HEW] presumption cannot be rebutted by medical evidence." On the other hand, the interim Labor rebuttal rules provide that "all relevant medical evidence shall be considered." 20 C.F.R. § 727.203(b). Once invoked, moreover, the presumption can be rebutted not only on the grounds listed in the HEW regulation, but also on the basis that "the total disability or death of the miner did not arise in whole or in part out of coal mine employment" or that "the miner does not, or did not, have pneumoconiosis." 20 C.F.R. §§ 727.203(b)(1)-(4); *Pittston Coal Group,* 109 S.Ct. at 419.

Although *Pittston Coal Group* did not address, and indeed declined to consider, the validity of the Labor rebuttal rules, we believe that the Supreme Court's decision leaves no room for distinguishing the Labor rebuttal rules from the Labor invocation rules. Because the Labor rebuttal rules allow the consideration of medical evidence on rebuttal, while the HEW rebuttal rules do not, the former clearly are more restrictive than the latter. We note that this is so even if we were to read the term "criteria" as being limited solely to medical criteria, the interpretation of the statute specifically rejected by the Supreme Court in *Pittston Coal Group.*[3]

We respectfully disagree, therefore, with our colleagues in the Sixth Circuit that a valid distinction can be made between the Labor invocation and rebuttal rules regarding the application of § 902(f)(2). *See, e.g., Youghiogheny & Ohio Coal Co. v. Milliken,* 866 F.2d 195, 202 (6th Cir.1989); *Kyle v. Director, OWCP,* 819 F.2d 139, 144 (6th Cir.1987), *cert. denied,* — U.S. —, 109 S.Ct. 566, 102 L.Ed.2d 591 (1988); *Ramey v. Kentland Elkhorn Coal Corp.,* 755 F.2d 485, 489 (6th Cir.1985). In *Youghiogheny,* which was decided after *Pittston Coal Group,* the Sixth Circuit distinguished the Labor rebuttal rules from the Labor invocation rules based upon its prior precedent, which made such a distinction.

We believe that the Supreme Court's decision in *Pittston Coal Group* forecloses the distinction the Sixth Circuit makes for the reasons it gives. *Compare Youghiogheny,* 866 F.2d at 199 n. 1. ("[T]he *Pittston* opinion sheds no light on the issue before us today"). The Sixth Circuit distinguishes the invocation rules from the rebuttal rules based upon the following legislative history:

> The conferees intend that the Secretary of Labor shall promulgate regulations for the determination of total disability

---

**3.** The result would be the same even if we were to read 30 U.S.C. § 902(f)(2) as being limited to total disability criteria. This is a reading of the statute which, the Supreme Court noted, "has considerable merit, though it is by no means free from doubt," *Pittston Coal Group,* 109 S.Ct. at 420. Total disability is defined as the inability of the claimant to perform his usual coal mine employment or the equivalent. *Id.* As the Court also noted, "The various criteria that go into determining a claim of entitlement under the interim HEW regulation are closely—indeed, inextricably—intertwined," *id.* at 421 (noting that claimants who do not meet the ten-year requirement under the interim Labor invoca-

tion rules must submit affirmative proof of total disability, which would involve principally medical proof of disability). Likewise, with regard to the rebuttal rules, it appears that evidence of total disability that could not come in under the HEW scheme could come in under the Labor scheme. This is what occurred in this case. The ALJ concluded that Peabody Coal had rebutted the presumption under 20 C.F.R. § 727.203(b)(2), determining that Taylor could perform his usual coal mine employment. He also concluded, however, that Peabody Coal had not rebutted the presumption under the HEW rebuttal rules, which contain a provision identical to § 727.203(b)(2).

or death due to pneumoconiosis. With respect to a claim filed or pending prior to the promulgation of such regulations, such regulations shall not provide more restrictive criteria than those applicable to a claim filed on June 30, 1973, *except that in determining claims under such criteria all relevant medical evidence shall be considered* in accordance with standards prescribed by the Secretary of Labor and published in the Federal Register.

H.R.Rep. No. 864, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Admin.News 237, 308–09 (emphasis supplied).[4] The Sixth Circuit has interpreted this legislative history to mean that "the conferees intended to establish a medical test for rebuttal by showing the claimant was able to do his usual coal mine work," *Ramey*, 755 F.2d at 489–90. It has distinguished application of the "not more ... restrictive ... criteria" language in 30 U.S.C. § 902(f)(2) to the invocation rules but not to the rebuttal rules on the ground that Congress did not intend this language to require application of the same evidentiary rules to Part B and Part C cases, but rather intended for these rules to change over time. *Kyle*, 819 F.2d at 144; *Ramey*, 755 F.2d at 490.

We disagree with this rationale for several reasons. First, the Court in *Pittston Coal Group* determined that the text of § 902(f)(2) "plainly embraces criteria of more general application" than medical criteria. 109 S.Ct. at 420–21. This includes evidentiary rules and adjudicatory standards, whether they be applied on invocation or on rebuttal. *See Halon*, 713 F.2d at 24 (legislative history of the Black Lung Benefits Reform Act suggests that "criteria" referred to both adjudicatory and medical standards); *but see Pittston Coal Group*, 109 S.Ct. at 430–37 (Stevens, J., dissenting) (argues that Congress in fact meant to distinguish between medical criteria and evidentiary rules). Even if the text conflicts with the legislative history of the statute, moreover, "[i]t is not the law that

a statute can have no effects which are not explicitly mentioned in its legislative history," *Pittston Coal Group*, 109 S.Ct. at 420–21; *accord Belisle v. Plunkett*, 877 F.2d 512, 516 (7th Cir.1989). Thus, we conclude that the Labor rebuttal rules violate 30 U.S.C. § 902(f)(2).

### B. *Due Process*

Because we have determined that the Labor rebuttal rules violate the prohibition in 30 U.S.C. § 902(f)(2) against "not more ... restrictive ... criteria," we must address Peabody Coal's due process challenge. Unlike the majority of due process arguments advanced in this area, which have been in the vein that the applicable statutes and/or regulations regulate too much, Peabody Coal argues here that with respect to private parties, the HEW invocation and rebuttal rules regulate too little. With respect to the invocation rules, Peabody Coal contends that they violate due process because they do not provide any minimum period of coal mine employment to invoke the presumption. It claims that those cases that have upheld the Labor rules on due process grounds have relied heavily on the requirement of ten years of employment to invoke the presumption. With respect to the HEW rebuttal rules, Peabody Coal seems to argue that application of these rules violates due process because other legitimate means of rebutting the presumption (to wit, those means embodied in 20 C.F.R. §§ 727.203(b)(3), (b)(4)) exist, yet they are unavailable to responsible operators.[5]

■ This is not the proper case to address Peabody Coal's first argument.[6] Even if we were to decide that due process requires a ten-year minimum period of coal mine employment, Taylor, who worked as a coal miner for approximately forty-two years, has satisfied this condition. Hence, it is not necessary for us to consider here whether there should be such a requirement. *Cf. Kaiser Steel Corp. v. Director, OWCP*, 748 F.2d 1426, 1431 (10th Cir.1984) (court of appeals declined to consider con-

---

4. By way of explanation, the House version of the Black Lung Benefits Reform Act of 1977 would have applied the HEW rules to both Part B and Part C claims. The Senate version of the bill, however, authorized the Secretary of Labor to draft his own medical eligibility criteria to be used in adjudicating Part C claims. The Conference Committee, which adopted the Senate bill with several provisos, made the above observations. *Ramey*, 755 F.2d at 489.

5. Sections 727.203(b)(1), (2) of Title 20 of the Code of Federal Regulations parallel 20 C.F.R. §§ 410.490(c)(1), (2).

6. Peabody Coal argues that allowing the presumption to be invoked on the basis of x-ray evidence alone flunks the "rational connection" test used by the Supreme Court in *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 28, 96 S.Ct. 2882, 2898, 49 L.Ed.2d 752 (1976).

508

stitutional attack on the validity of two of the four parts of the Labor invocation regulation because in that case, even were they to strike down those two parts, disability still would be presumed under the remaining two parts). In general, courts will not consider constitutional arguments where a case may be disposed of on alternate, nonconstitutional grounds. *Jean v. Nelson,* 472 U.S. 846, 854–55, 105 S.Ct. 2992, 2997, 86 L.Ed.2d 664 (1985); *United States v. Sec. Indus. Bank,* 459 U.S. 70, 78, 103 S.Ct. 407, 412–13, 74 L.Ed.2d 235 (1982); *Hagans v. Lavine,* 415 U.S. 528, 546–47 & n. 12, 94 S.Ct. 1372, 1383–84 & n. 12, 39 L.Ed.2d 577 (1974); *Ashwander v. Tennessee Valley Auth.,* 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandeis, J., concurring).

■ Peabody Coal's second argument, with respect to the rebuttal rules, is without merit. What it essentially argues (in light of our holding above with respect to § 902(f)(2)'s restriction on the rebuttal rules) is that it has been deprived of due process because Congress could have made available more factors under which the presumption could be rebutted, yet it did not do so. We rejected a similar argument in *Battaglia v. Peabody Coal Co.,* 690 F.2d 106, 112–13 (7th Cir.1982). In holding that 30 U.S.C. § 921(c)(5) did not violate the due process clause because it did not distinguish between surface and underground miners, we relied in part on the Supreme Court's words in *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976) where it said:

> In its "rough accommodations," ... Congress was surely entitled to select duration of employment, to the exclusion of the degree of dust exposure and other relevant factors, as signaling the point at which the operator must come forward with evidence of the cause of pneumoconiosis or death, as the case may be. We certainly cannot say that the presumptions, by excluding other relevant factors, operate in a "purely arbitrary" manner.

428 U.S. at 29–30, 96 S.Ct. at 2899 (citations omitted). Likewise, we do not think that 30 U.S.C. § 902(f)(2), in forbidding consideration of certain criteria on rebuttal, operates in a "purely arbitrary" manner.

### III. Conclusion

The Supreme Court's opinion in *Pittston Coal Group* indicates that we must apply the HEW invocation rules to this Part C case. We have concluded that *Pittston Coal Group's* reasoning requires us to apply the HEW rebuttal rules as well. The ALJ determined, as discussed above, that Taylor successfully invoked the presumption under the HEW rules and that Peabody Coal failed to rebut it. Therefore, we REVERSE the determination of the Benefits Review Board and reinstate the ALJ's award of benefits to Hubert C. Taylor.

### ORDER

On consideration of the petitions for rehearing and suggestions for rehearing *en banc* filed in the above-entitled cause by the respondents, no judge in active service[*] has requested a vote thereon, and all of the judges on the original panel have voted to deny the petitions for rehearing and suggestions for rehearing *en banc.*

The petitions filed by the respondents in this case contend that HEW's rules do not foreclose the use of medical rebuttal evidence and thus our opinion was fatally flawed. However, we note that the precise extent to which the HEW regulations allowed rebuttal was not an issue in this case. We held that to the extent the Department of Labor regulations allow rebuttal—when HEW's do not—the Labor rules are invalid. We did not hold that there are no conceivable circumstances under which HEW rules might allow medical rebuttal.

It is also argued in the petitions that the current statute (30 U.S.C. § 923(b)) directs the Department of Labor to consider "all relevant evidence." This contention is certainly true but it misses the point. While any trier of fact may be required to consider all "relevant" evidence, such a requirement does not alter any substantive rule of law. To what determination is a piece of evidence "relevant"? That is a distinct question, and a standard of admissibility cannot control substantive law. Cf. *Collins v. Old Ben Coal Co.,* 861 F.2d 481, 493 (7th Cir.1988) (Easterbrook, J., concurring).

With these comments,

IT IS HEREBY ORDERED that the aforesaid petitions for rehearing and suggestions for rehearing *en banc* be, and the same are hereby, DENIED.

---

[*] Circuit Judge Walter J. Cummings did not participate in any consideration of the petitions for rehearing and suggestions for rehearing *en banc* filed in the above cause.