Vincent REED, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 92–1736.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 18, 1992.

Decided Feb. 1, 1993.

As Corrected Feb. 1, 1993.

Martin S. Agran (argued), Agran & Agran, Chicago, IL, for petitioner-appellant.

Barry R. Elden, Asst. U.S. Atty., Criminal Receiving, Appellate Div., John J. Tharp, Jr. (argued), Chicago, IL, for respondent-appellee.

Before BAUER, Chief Judge, RIPPLE and ROVNER, Circuit Judges.

RIPPLE, Circuit Judge.

Vincent Reed, the defendant in a criminal prosecution under 21 U.S.C. § 841(a)(1), appeals a district court order denying his motion to vacate the sentence under 28 U.S.C. § 2255. On appeal, Mr. Reed raises three issues that he asserts warrant reversal: (1) whether the prosecutor's decision to prosecute the defendant under federal rather than state law deprived the defendant of due process of law; (2) whether the statute under which the defendant was sentenced was unconstitutionally vague; and, (3) whether the district court should have applied the rule of lenity in interpreting the sentencing statute. Because we conclude that appellant has not demonstrated cause and prejudice for his procedural default, we do not reach these issues and affirm.

## I. BACKGROUND

Detectives for the Chicago Police Department arrested Mr. Reed at Midway Airport on August 1, 1988, after a search of his luggage produced approximately two kilograms of phencyclidine ("PCP"). He was charged with possession with intent to distribute 1,985 grams of PCP, in violation of 21 U.S.C. § 841(a)(1). Before trial, Mr. Reed sought to suppress the PCP seized by the police. This motion was denied by the district court. After a bench trial, the district court found Mr. Reed guilty of the charge and, on March 13, 1989, sentenced him to ten years in prison under 21 U.S.C. § 841(b)(1)(A), the minimum term of imprisonment permissible under the statute. The district court did not fine him because it found him to be impecunious.

Mr. Reed appealed his conviction to this court. He argued that the district court erroneously denied his motion to suppress the PCP as the product of an illegal seizure. We affirmed his conviction on January 29, 1990. *United States v. Reed*, No. 89–1607, order at 1, 1990 WL 8025 (7th Cir. Jan. 29, 1990) (unpublished order). On May 16, 1991, Mr. Reed filed a motion under 28 U.S.C. § 2255 to vacate the sentence. The district court denied the motion on January 27, 1992. He then appealed that denial to this court on March 27, 1992.

## II. ANALYSIS

■ Before this court can address the substantive issues which Mr. Reed pres-

ents, we must determine whether he has established cause for his failure to raise the issues in his § 2255 motion on direct appeal and actual prejudice from the alleged errors.[1] In the present case, Mr. Reed does not attempt to establish cause and prejudice in his appellate brief. He asserts that it is unnecessary to do so because the district court held that he "did not deliberately bypass the appellate process." *United States v. Reed,* No. 91 C 3013, order at 2 (N.D.Ill. Jan. 27, 1992) (unpublished order). The Supreme Court of the United States, however, has rejected the "deliberate bypass" standard in favor of the "cause and prejudice" analysis. *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); *see also Coleman v. Thompson,* — U.S. —, — – —, 111 S.Ct. 2546, 2564–65, 115 L.Ed.2d 640 (1991); *Barksdale v. Lane,* 957 F.2d 379, 385 (7th Cir.1992). Consequently, we must require a demonstration of cause and prejudice before permitting federal habeas review.

■■■ In his reply brief,[2] Mr. Reed, for the first time, presents a cause and prejudice analysis. He addresses the issue of cause by stating that "[i]n the case at bar, the cases upon which defendant relies were not available at the time his original appeal was filed and therefore the legal basis for the claim was not reasonably available to his counsel." Reply Brief for Appellant at 2. Relying upon *Reed v. Ross,* 468 U.S. 1, 14–16, 104 S.Ct. 2901, 2909–10, 82 L.Ed.2d 1 (1984), Mr. Reed submits that the novelty of the claims raised in his § 2255 motion

justifies his failure to raise the claims on direct appeal. In *Reed v. Ross,* the Supreme Court held that "the failure of counsel to raise a constitutional issue reasonably unknown to him [at the time of direct appeal] is one situation in which the requirement [of cause] is met." *Id.* at 14, 104 S.Ct. at 2909. Mr. Reed's situation, however, differs from the one contemplated in *Reed v. Ross* in three significant ways.

■■■ Mr. Reed argues that the Government, by electing to prosecute him under federal law rather than state law, violated his right to due process of law. He relies upon four recent cases to support his assertion.[3] These cases, however, do not stand for the proposition that federal prosecutors may not charge a defendant under federal law when state law provides a lesser penalty. They only address the issue of the proper scope of prosecutorial discretion within the federal forum. Indeed, under principles of dual sovereignty, both the state and the federal government may sentence a defendant for actions criminal under both state and federal law. *See Heath v. Alabama,* 474 U.S. 82, 88, 106 S.Ct. 433, 437, 88 L.Ed.2d 387 (1985); *Abbate v. United States,* 359 U.S. 187, 194–95, 79 S.Ct. 666, 670–71, 3 L.Ed.2d 729 (1959). Consequently, Mr. Reed's assertion of cause based on the recent availability of case law is irrelevant and unpersuasive. The cases upon which he relies provide no basis for collateral attack and thus do not provide cause.

1. *See United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); *Belford v. United States,* 975 F.2d 310, 313 (7th Cir.1992) ("a section 2255 motion can*not* raise ... constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal").

2. Issues raised for the first time in a reply brief typically are not reviewed by this court. *See Chrysler Credit Corp. v. Louis Joliet Bank & Trust,* 863 F.2d 534, 540–41 (7th Cir.1988); *Taylor v. Peabody Coal Co.,* 838 F.2d 227, 229 (7th Cir.1988). Nevertheless, as we now demonstrate in the text, after reviewing these arguments, we find Mr. Reed's appeal meritless.

3. *United States v. Harrington,* 947 F.2d 956, 964 (D.C.Cir.1991) (addressing the prosecutor's discretion under the federal sentencing guidelines; *United States v. Stanley,* 928 F.2d 575, 582–83 (2d Cir.1991) (recognizing that the prosecutor's control over charging decisions affects the resulting sentence); *United States v. Kikumura,* 918 F.2d 1084, 1119 (3d Cir.1990) (Rosenn, J., dissenting) (expressing concern that the sentencing guidelines have replaced judicial discretion with prosecutorial discretion); and, *United States v. Boshell,* 728 F.Supp. 632, 637 (E.D.Wash.1990) (stating that under the sentencing guidelines the prosecutor's decision on what to charge dictates the sentence imposed).

Mr. Reed also argues that he was sentenced under an unconstitutionally vague sentencing statute, 21 U.S.C. § 841(b)(1)(A). He claims that the statute's language which states "[i]n the case of a violation ... involving ... 100 grams or more of phencyclidine (PCP) ... such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life ... a fine ... or both," does not provide "a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." Brief of Appellant at 7 (citing *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954)). Mr. Reed argues that a reasonable person could interpret the statute as giving the district court the discretion to sentence a defendant to either imprisonment or a fine. This ambiguity, he continues, "violates the Due Process notice requirement." Brief of Appellant at 8. In support of this proposition, Mr. Reed cites several cases, including *United States v. Colon–Ortiz*, 866 F.2d 6, 9 (1st Cir.1989).[4] *Colon–Ortiz*, however, was decided on January 19, 1989, two months before he was sentenced. Consequently, Mr. Reed should have "realized that there was a reasonable basis in the existing law for making this claim." *Bryan v. Warden, Indiana State Reformatory*, 820 F.2d 217, 222 (7th Cir. 1987). More importantly, cases standing for the legal proposition Mr. Reed now asserts—that the statute does not provide

adequate notice of prohibited conduct—are not new to our law. *See United States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 2203–04, 60 L.Ed.2d 755 (1979) ("Vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute."); *see also United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954) (a statute is unconstitutionally vague if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden"). Thus, Mr. Reed cannot establish cause for his failure to raise this claim of statutory vagueness on direct appeal.

Finally, Mr. Reed maintains that the district court should have applied the rule of lenity to interpret the allegedly unconstitutionally vague statute, 21 U.S.C. § 841(b)(1)(A). All of the cases he cites, however, were decided before he was sentenced. Thus, Mr. Reed had a reasonable basis to raise this issue on direct appeal. As a result, he cannot satisfy the cause requirement by asserting the novelty of the claims raised in his § 2255 motion.

## III. CONCLUSION

■ Because Mr. Reed cannot demonstrate cause in this case, we need not address the issue of prejudice.[5] His failure

---

4. The first circuit in *Colon–Ortiz*, although stating that the "or both" language of § 841(b)(1)(B) rendered that statute unclear, emphasized that the statute was not unconstitutionally vague given the extensive legislative history. *Colon–Ortiz*, 866 F.2d at 11. Thus, the case does not support Mr. Reed's argument. *See also United States v. Olloh*, 927 F.2d 1, 2 (1st Cir.1990). *United States v. Jones*, 902 F.2d 1152, 1153 (4th Cir.1990), also cited by the appellant, deals with a different criminal section, 18 U.S.C. § 844(a).

5. Even if we had found cause for Mr. Reed's procedural default, the requirement of prejudice could not be satisfied. He cannot demonstrate that the alleged errors at trial worked to his actual and *substantial disadvantage* because his claims are clearly without merit and did not affect his sentence. *See United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982).

Mr. Reed claims that the federal prosecutor violated his due process rights by charging him under federal law, rather than under more lenient state law. This claim is entirely without merit. As we have noted, both federal and state officials may prosecute a defendant for crimes punishable under both federal and state law. *See Heath v. Alabama*, 474 U.S. 82, 88, 106 S.Ct. 433, 437, 88 L.Ed.2d 387 (1985); *Abbate v. United States*, 359 U.S. 187, 194–95, 79 S.Ct. 666, 670–71, 3 L.Ed.2d 729 (1959).

Mr. Reed also argues that § 841(b)(1)(A) is unconstitutionally vague because it states, "such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life ... a fine ... or both." 21 U.S.C. § 841(b)(1)(A). He argues that this language is "ambiguous" as it suggests that the court may choose between imprisonment or a fine, and therefore does not provide sufficient notice as mandated by the Due Process Clause. This interpretation, however, is directly at odds with

to establish cause precludes the necessity of any further discussion. The judgment of the district court is affirmed.

AFFIRMED.

the elimination of probation, parole, and suspended sentences as options under the statute. To accept Mr. Reed's interpretation would require one to believe that Congress intended to permit either sentences of a fine with no imprisonment or sentences of ten years or more with no options for parole or probation. It is highly unlikely that Congress would enact such a sentencing scheme. Indeed, all courts reviewing § 841(b)(1)(A) have interpreted it as requiring mandatory sentences. *See, e.g., United States v. McMahon,* 935 F.2d 397, 400 (1st Cir.1991); *United States v. Hoyt,* 879 F.2d 505, 511–12 (9th Cir.1989), *modified in other respects,* 888 F.2d 1257 (9th Cir.1989); *United States v. Martinez–Zayas,* 857 F.2d 122, 128–29 (3d Cir.1988); *United States v. Musser,* 856 F.2d 1484, 1486 (11th Cir.1988), *cert. denied,* 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989).

Finally, Mr. Reed asserts that the district court should have applied the rule of lenity to interpret the unconstitutionally vague provisions of § 841(b)(1)(A). This argument, however, is not persuasive. Because the statute is not unconstitutionally vague, the rule is inapplicable and not at issue. Thus, Mr. Reed's claims concerning the rule of lenity are also without merit.