**FREEMAN UNITED COAL MINING COMPANY, Petitioner,**

v.

**Ralph E. ANDERSON; Director, Office of Workers' Compensation Programs; and United States Department of Labor, Respondents.**

No. 90–3671.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 28, 1992.

Decided Feb. 26, 1992.

Published Opinion Aug. 24, 1992.[1]

---

1. This case originally was decided by unpublished order under Circuit Rule 53. The petitioner-appellant subsequently filed a motion requesting that the order be issued as a published opinion. The motion is hereby granted.

Kathryn S. Matkov, John Arthur Washburn, argued, Gould & Ratner, Chicago, Ill., for Freeman United Coal Mining Co.

Eileen M. McCarthy, Dept. of Labor, Appellate Litigation, Donald S. Shire, Sol. Gen., Dept. of Labor, Office of the Solicitor, Linda M. Meekins, Ann McLaughlin, Benefits Review Bd., Dept. of Labor, Washington, D.C., John H. Secaras, Sol. Gen., Dept. of Labor, Chicago, Ill., Louis W. Rogers, Dept. of Labor, Office of Workers' Compensation Program, Washington, D.C., for Benefits Review Bd.

Eileen M. McCarthy, Dept. of Labor, Appellate Litigation, Donald S. Shire, Sol. Gen., Dept. of Labor, Office of the Solicitor, Washington, D.C., Leslie A. Jones, argued, Johnson, Schaaf, Jones & Snelling, Chicago, Ill., Linda M. Meekins, Ann McLaughlin, Benefits Review Bd., Dept. of Labor, Washington, D.C., John H. Secaras, Sol. Gen., Dept. of Labor, Chicago, Ill., James E. Ford, Hanagan & Ford, Benton, Ill., Louis W. Rogers, Dept. of Labor, Office of Workers' Compensation, Washington, D.C., for Ralph E. Anderson.

Eileen M. McCarthy, Dept. of Labor, Appellate Litigation, Barbara J. Johnson, Donald S. Shire, Sol. Gen., Marta Kusic, Dept. of Labor, Office of the Solicitor, Washington, D.C., Linda M. Meekins, Ann McLaughlin, Benefits Review Bd., Dept. of Labor, Washington, D.C., John H. Secaras, Sol. Gen., Dept. of Labor, Chicago, Ill., Louis W. Rogers, Dept. of Labor, Office of Workers' Compensation, Washington, D.C., for Office of Workers' Compensation Programs.

Before BAUER, Chief Judge, POSNER and COFFEY, Circuit Judges.

BAUER, Chief Judge.

More than a decade ago, Ralph Anderson filed a claim to collect "black lung" benefits pursuant to 30 U.S.C. §§ 901–945 because he allegedly suffers from coal miners pneumoconiosis. An Administrative Law Judge (ALJ) reviewed Anderson's claim and found that Anderson was totally disabled due to pneumoconiosis because he displayed symptoms that triggered a presumption of total disability. Freeman Coal Mining Company was unable to rebut this presumption, and Anderson was awarded benefits. The Benefits Review Board (BRB) affirmed that decision. The employer appealed to this court, 30 U.S.C. § 925(a)(5); § 932(a), arguing that the presumption was adequately rebutted under the act.

## I. Facts

### A. Claimant's history

Ralph Anderson worked for Freeman Coal Mining Company for 19½ years. For fifteen years he was a shipping clerk. For the remaining years he was a weighmaster. Although Anderson's jobs did not require that he work underground, the ALJ found that Anderson was "exposed to significant amounts of coal dust" during the course of his employment, particularly during his tenure as weighmaster. Following his employment, Anderson's right leg was amputated below the knee due to gangrene resulting from severe arteriosclerosis. He also had surgery to bifurcate and graft his aorta. The ALJ noted that Anderson was a heavy smoker, with a one/two pack(s)-a-day habit for approximately 30 years. Usage of this magnitude has been referred to as "gross tobacco abuse." *Smith v. Director*, 843 F.2d 1053, 1057 (7th Cir.1988).

### B. Medical evidence

The ALJ considered several doctors' and radiologists' diagnoses when making his decision. When considering these diagnoses, the ALJ was required to determine if they were expressed using a reasoned medical judgment. *Pancake v. AMAX Coal Co.*, 858 F.2d 1250, 1257 (7th Cir. 1988); *Underhill v. Peabody Coal Co.*, 687 F.2d 217, 223 (7th Cir.1982). Dr. Chiou, after noting Anderson's medical history, work conditions, and former cigarette-smoking habit, diagnosed Anderson as suffering from moderate pulmonary emphysema, and concluded that the condition was related to dust exposure resulting from coal mine employment.[2] Dr. Chiou recorded his diagnosis and the results of Anderson's examination on form CM–988, which is specifically noted as a "Black Lung Claim" form. On that form, a question is posed asking if the patient's diagnosed condition was related to coal mine employment. Two boxes are offered to indicate a yes or no answer. Dr. Chiou marked the "yes" box, but offered little detail to support his conclusion. A second examination performed by Dr. William H. Getty resulted in a diagnosis of very little respiratory or pulmonary impairment, and a mild obstructive pulmonary disease.[3] Dr. Getty opined that the mild obstructive pulmonary condition is related to Anderson's cigarette smoking and not to coal dust exposure. Dr. Getty's very detailed examination findings were recorded in narrative form over 6½ single-spaced pages. Dr. Getty's report was much more detailed than Dr. Chiou's. A third report was made

---

2. The record does not indicate in what area (if any) Dr. Chiou specializes.

3. Dr. Getty is regularly hired by the government or coal companies to perform examinations in conjunction with pneumoconiosis claims.

by Dr. Peart at Freeman's request. Dr. Peart wrote a scant single-page letter discussing Anderson's condition. Calling this a "Freeman special physical," Dr. Peart concluded that "black lung is the least of this man's problems," and considered him totally disabled due to his amputation, arteriosclerosis, and other medical conditions. Dr. Peart stated· that "lastly and least important, there is a question of him having some chronic obstructive pulmonary disease." The doctor did not indicate why this condition was "least important."

Five radiologists reviewed several sets of Anderson's x-rays. Three radiologists examined the same set of x-rays, and their conclusions were specifically discussed by the ALJ. Only one of the radiologists, Dr. Minetree, found the x-ray to reveal pneumoconiosis. Dr. Minetree is a board certified radiologist, but at that time he was not a "B" reader—a board certified radiologist who specializes in pneumoconiosis readings. *Smith*, 843 F.2d at 1055 n. 4. Two "B" reader radiologists found the same x-ray to be negative for pneumoconiosis. The ALJ noted it was within his authority to give more weight to the "B" readings when conflicting evidence was presented. He did this and found that the weight of x-ray evidence did not establish pneumoconiosis. A later set of x-rays was read by Dr. Allinson, who diagnosed moderate pulmonary emphysema. A comment that he was "again" making this diagnosis indicates that a prior x-ray had also revealed the disease. The ALJ also noted that the blood-gas studies did not qualify Anderson for the interim presumption of total disability due to pneumoconiosis.

Several pulmonary function studies were administered to Anderson: August 1978, December 1979, and July 1983. A prebronchiodilator test in July 1983, plus a study performed in August 1978 qualified Anderson for a disability finding. A July 1983 postbronchiodilator test revealed nonqualifying results. The ALJ stated that greater weight was being given to the August 1978 and July 1983 prebronchiodilator tests because those tests reflected the claimant's nonassisted breathing abilities. Because only percentages from the December 1979 study were offered as evidence, the judge did not give this study much weight. The ALJ invoked the presumption of disability based on these tests and studies, and determined that Freeman was unable to rebut the presumption.

## II. Analysis

 Although this appeal is from a decision of the Board, the court primarily reviews the ALJ's decision. *Collins v. Old Ben Coal Co.*, 861 F.2d 481, 486 (7th Cir. 1988); *Peabody Coal Co. v. Helms*, 859 F.2d 486, 489 (7th Cir.1988). The ALJ's decision is reviewed to determine if it is rational, consistent with the law, and supported by substantial evidence. *Shelton v. Old Ben Coal Co.*, 933 F.2d 504, 507 (7th Cir.1991). Substantial evidence is the relevant evidence that a reasonable mind might find adequate to support a conclusion. *Freeman United Coal Mining Co. v. Benefits Review Board*, 912 F.2d 164, 168 (7th Cir.1990). We cannot set aside the ALJ's inference because we find an alternative inference more reasonable or because we question the factual basis of that inference, nor may we reweigh the doctors' reports. *Poole v. Freeman United Coal Mining Co.*, 897 F.2d 888, 893 (7th Cir.1990). The BRB decision is examined to determine whether the Board remained within its scope of review and whether it committed an error of law. *Id.*

### A. Presumption of total disability

 An interim rebuttable presumption of total disability due to pneumoconiosis arising out of employment may be available to a coal miner employed in that capacity for ten or more years. 20 C.F.R. § 727.-203(a). Anderson's length of mine employment got him over this first hurdle. However, one other hurdle had to be overcome before triggering the presumption. *Id.* That is, a living claimant will be found totally disabled due to pneumoconiosis only if he shows one of four specific medical findings indicating pneumoconiosis, pulmonary or respiratory disease, or total pulmonary or respiratory impairment. *Zeigler Coal Co. v. Sieberg*, 839 F.2d 1280, 1282

(7th Cir.1988). These four findings may be based on either: chest x-rays or biopsies, § 727.203(a)(1); ventilatory studies, § 727.-203(a)(2); blood gas studies, § 727.203(a)(3); or other medical evidence, § 727.203(a)(4).[4] The ALJ found the interim presumption invoked through ventilatory studies reflecting Anderson's poor respiratory performance.

### B. Rebuttal of the presumption

■ The Department of Labor interim regulations also set out four grounds that allow coal companies to rebut the claimant's presumption of total disability. 20 C.F.R. § 727.203(b)(1)–(4); *Pauley v. Beth-Energy Mines, Inc.*, —— U.S. ——, 111 S.Ct. 2524, 115 L.Ed.2d 604 (1991); *Underhill*, 687 F.2d at 217. Freeman asks this court to remand the case to the BRB because it did not review the ALJ decision regarding rebuttals (b)(3) and (b)(4) due to a prior Seventh Circuit decision holding that rebuttal on these grounds was not available to coal companies. *Taylor v. Peabody Coal Co.*, 892 F.2d 503 (7th Cir. 1989). That decision was later overturned by the United States Supreme Court in *Pauley*. In the present case the ALJ decision preceded *Taylor*, hence rebuttal provisions (b)(3) and (b)(4) were discussed. When reviewing pnuemoconiosis claims, this court has stated that the determinative decision is that of the ALJ, not the BRB. *Smith*, 843 F.2d at 1056. Because the ALJ has made a statement of findings and conclusions and satisfactorily supported those with adequate reasons, a remand is unnecessary. 5 U.S.C. § 557(c)(3)(A). This court performs the same "substantial evidence" analysis of the ALJ decision as would the BRB, *Shelton*, 933 F.2d at 506; *Collins*, 861 F.2d at 487, thus a remand to the BRB for review would likely end up in this court again on appeal—where we would perform the same "substantial evidence" analysis that we now face. In the interest of preserving judicial resources, we will resolve this case on this go 'round. *Cf. Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1203 (7th Cir.1987).

### C. Application

■ Two of the four possible rebuttal presumptions are in issue here. These two provisions will defeat the presumption by showing (1) that the total disability (or death) of the miner did not arise in whole or in part from coal mine employment, § 727.203(b)(3), or (2) that the evidence establishes that the miner does (or did) not have a pneumoconiosis. § 727.203(b)(4).[5] The ALJ is not required to analyze all relevant evidence specifically on the rebuttal, but rather the ALJ must consider all relevant evidence at some point during the analysis. *Collins*, 861 F.2d at 489. The ALJ reiterated the medical evidence and determined that none of the rebuttal criteria had been fulfilled, resulting in Anderson's benefit award. Freeman disputes the ALJ's findings denying their attempts to rebut the presumption.

■ If coal mining was even a contributing cause of a claimant's disability, rebuttal pursuant to (b)(3) is not available to the coal company. *Shelton v. Director, OWCP*, 899 F.2d 690, 693 (7th Cir.1990); *Pancake*, 858 F.2d at 1257. Both Dr. Getty and Dr. Chiou made summary conclu-

---

**4.** In cases of a deceased claimant, if no medical evidence is available, the claimant's survivors or people with knowledge of the claimants conditions may submit affidavits as to the claimants prior symptoms. § 727.203(a)(5).

**5.** Rebuttal is also available if the claimant is still employed doing his usual mine work or comparable work, § 727.203(b)(1), or if the respiratory and pulmonary evidence established that the claimant is able to perform his usual coal mine work or comparable work. § 727.203(b)(2). Anderson no longer works at any job, thus the (b)(1) rebuttal was unavailable. The ALJ also found (b)(2) unavailable. The ALJ carefully considered the medical evidence and systematically analyzed Anderson's ability to return to work based on the respiratory and pulmonary evidence. Dr. Getty stated that Anderson could "probably continue to do some mining work [preferably] in a non-dusty atmosphere as far as the pulmonary system is concerned." The ALJ compared the doctor's statement to the other evidence, noting the indefiniteness of his statement and conflicting medical opinions. The ALJ determined the weight of the evidence did not establish that Anderson could engage in his usual coal company job. Freeman does not appeal that finding.

sions regarding the cause of Anderson's health problems. Dr. Getty stated that cigarette smoking, not coal dust, caused Anderson's pulmonary disease. Alternatively, Dr. Chiou indicated on the claim form that Anderson's pulmonary emphysema was related to his coal company employment. Dr. Peart made no opinion on this matter. Freeman argues that the cursory "box checking" that constituted Dr. Chiou's causation statement should not be given much weight because Dr. Chiou did not give the reason why he believed coal dust contributed to Anderson's condition. Nonetheless, the ALJ found Dr. Chiou's "box checking" sufficient to invoke the presumption. The ALJ noted that Dr. Getty's statement reaching the opposite conclusion was equally unexplained. Because the factfinder is not required to accept in blind faith the unexplained conclusions of an expert, *Zeigler*, 839 F.2d at 1284, the ALJ was not constrained to choose Dr. Getty's diagnosis. Also, the ALJ believed Dr. Getty's statements were weakened because of conflicting medical opinions on the degree of pulmonary disease, *see Pancake*, 858 F.2d at 1258 (contradictory medical evidence may defeat a rebuttal attempt), as well as Dr. Getty's own statements indicating a lack of certainty in his diagnosis.

This court has previously held that black lung claim forms that barely explain a diagnosis are disfavored, but may be minimally sufficient for benefits purposes. *Poole*, 897 F.2d at 894. Dr. Chiou noted Anderson's cigarette-smoking history on the form. Nevertheless, he indicated that Anderson's disability was related to coal mining. This court has little expertise in judging pulmonary function studies, and therefore the ALJ's explicit evaluations of these studies cannot be reweighed. *Zeigler*, 839 F.2d at 1283. Despite this constraint, no evidence seems to support Dr.

Chiou's causation conclusion. A single credible doctor's opinion based on respiratory or pulmonary impairment that finds a claimant totally disabled due to pneumoconiosis may be enough to invoke the presumption, *Mullins Coal Co. v. Director, OWCP*, 484 U.S. 135, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987); *AMAX Coal Co. v. Director, OWCP*, 801 F.2d 958, 962 (7th Cir.1986), but it may not, and in this case does not, ward off a rebuttal based on an insufficient causal connection between the disability and coal mining. Although competent evidence other than a medical report may also support a causal relationship between the pneumoconiosis and the total disability, *Collins v. Director, OWCP*, 932 F.2d 1191, 1192 (7th Cir.1991), that evidence is not present here. Alternatively, Dr. Getty's report lends support to the theory that coal mining was not related to Anderson's illness. Although Dr. Getty's conclusion was *unexplained,* it was not *unsupported.* Thus, substantial evidence does not support the ALJ's denial of the (b)(3) rebuttal.[6]

### III. Conclusion

For the foregoing reasons, substantial evidence does not exist to support the ALJ's denial of Freeman's (b)(3) rebuttal. Therefore, we REVERSE the BRB decision, and deny Anderson benefits.

---

**6.** A second point Freeman raises is that Dr. Chiou was acting under a "grossly inaccurate factual assumption" because Dr. Chiou wrote on the examination form that Anderson worked "in a coal mine" for twenty years. Anderson's job did not require him to work underground and, taken literally, Dr. Chiou's statement is inaccurate. Whether this statement was a colloquialism or a plain misunderstanding is not clear, and does not have to be resolved in light of our holding. Also, Freeman argues that the negative x-rays matched with Dr. Getty's report indicate that Anderson does not have pneumoconiosis, thus fulfilling the (b)(4) rebuttal. We need not reach this issue because the (b)(3) rebuttal has been fulfilled, therefore the (b)(4) rebuttal need not be addressed.