AMAX COAL COMPANY, Petitioner,

v.

DIRECTOR, OFFICE of WORKERS' COMPENSATION PROGRAMS, DEPARTMENT of LABOR, and Norma Rehmel, Respondent.

No. 91–1076.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 17, 1992.

Decided May 17, 1993.

W.C. Blanton (argued), Terri A. Czajka, Ice, Miller, Donadio & Ryan, Indianapolis, IN, for Amax Coal Co.

Linda M. Meekins, Ann McLaughlin, Benefits Review Bd. Executive Counsel, Clerk of the Bd., Washington, DC, for Benefits Review Bd.

Barbara J. Johnson, Roscoe C. Bryant, III, Elizabeth Shapiro, Dorothy L. Page, Dept. of Labor, Office of Sol., Rae Ellen Frank James, Department of Labor, Black Lung Div., Louis W. Rogers, Dept. of Labor, Office of Workers' Compensation Program, Washington, DC, for Office of Workers Compensation Programs.

Jack N. VanStone, Vanstone & Associates, Evansville, IN (argued), for Norma Rehmel.

Before POSNER, COFFEY and MANION, Circuit Judges.

COFFEY, Circuit Judge.

Amax Coal Company appeals from an order directing it to pay disability benefits to a miner's widow, Norma Rehmel, under the Black Lung Benefits Act, 30 U.S.C. §§ 901 *et seq.* Norma Rehmel's husband, Raymond, worked as a coal miner for more than eighteen years. While working at Amax, Rehmel drove a water truck and worked as a shooter, loading explosives onto a truck and helping to detonate the explosives in the coal mine. He smoked a pack of cigarettes a day for most of his adult life, and that combined with many other health problems, including but not limited to various heart ailments, led to a heart attack in 1974. Shortly after undergoing heart surgery in 1980 he expired.

In 1988 an administrative law judge awarded benefits to Norma Rehmel under the Black Lung Benefits Act. Based on a pulmonary function study that met the regulatory requirements of 20 C.F.R. §§ 727.-203(a)(1) and (2), and on the autopsy, the ALJ invoked a presumption that Rehmel had been totally disabled since 1974 due to black lung disease. Amax tried to rebut this presumption by establishing that working in a coal mine did not cause his disability. 20 C.F.R. § 727.203(b)(3). The reports and depositions of four doctors comprised the bulk of the evidence that the ALJ used to decide whether Amax had rebutted the presumption.

Two experienced pathologists,[1] Doctors Edwin Pontius and Richard Nay, reviewed

---

1. Dr. Pontius is a board-certified pathologist. The record does not indicate whether Dr. Nay was a board-certified pathologist or not. The record, however, does indicate that Dr. Nay has been practicing medicine for over forty years, with 85% to 90% of his work limited to pathology and pulmonary diseases.

the medical and autopsy reports, and concluded that Rehmel suffered from severe heart problems and high blood pressure. They also agreed that neither of the reports reflected signs of any disabling lung dysfunction and further he did not suffer from black lung disease.

Doctor Kathleen Warfel, a board-certified anatomic pathologist, conducted the autopsy on Rehmel. In her autopsy report Dr. Warfel diagnosed Rehmel's severe heart problems as the cause of death and did not list lung disease as a contributing cause of death. Some time after the autopsy Dr. Warfel, in response to a letter from the Department of Labor inquiring whether Rehmel had suffered black lung disease, stated:

To answer your specific question, in my opinion Raymond Rehmel did have pneumoconiosis. The autopsy also showed that he did not die of pneumoconiotic lung disease but of severe atherosclerotic heart disease resulting in myocardial infarction.

At her deposition she was asked why her letter said Rehmel had black lung disease, while her autopsy report reflected nothing more than Rehmel's moderate emphysema. She explained the perceived oversight stating that she did not mention in the autopsy report the slight pigment she saw in the lungs because it neither contributed to Rehmel's death nor did it impair his lungs during life.

Dr. Jesus Pangan, who is board qualified in pulmonary and internal medicine, examined Rehmel in 1978 for black lung disease, at the request of the Department of Labor, because Rehmel had been consistently coughing up blood; he performed a pulmonary function test, which demonstrated a moderately severe lung impairment. He also reported that heart problems and emphysema caused by smoking also were "most probably contributory" causes of his impairment. (R. at Dr. Pangan's deposition pp. 14, 19–20.) Dr. Pangan did not diagnose Rehmel as having black lung disease. At his deposition during the early stages of this case, Dr. Pangan reviewed a pathology report dealing with a report concerning a piece of Rehmel's lung tissue removed during the autopsy as well as the autopsy report prepared by Dr.

Warfel. When asked if anything in these reports would cause him to change his initial refusal to diagnose Rehmel as having black lung disease, Dr. Pangan insisted that he still could make "[n]o such diagnosis."

After looking at the depositions of each doctor the ALJ considered only Dr. Pangan's testimony when determining if Amax had rebutted the presumption of total disability invoked in behalf of Rehmel. First he eliminated the testimony of Drs. Nay and Pontius holding that,

since Dr. Warfel was actually present at the autopsy, supervised the autopsy prosector, and had the opportunity to actually observe Claimant's lungs rather than just the autopsy protocol and slides, I find that Dr. Warfel's opinion is entitled to greater weight than the opinions of Drs. Nay and Pontius who merely reviewed the autopsy records.

Then the ALJ eliminated Dr. Warfel's testimony based on the following analysis.

During the course of the deposition which was taken on December 12, 1984, Dr. Warfel first stated that Claimant's lung condition was not so seriously abnormal so as to be a major problem. Later in that same deposition she stated that the changes in Claimant's lungs were not so extensive so as to have an impact on Claimant's lung function. Since Dr. Warfel's assessment as to the effects of Claimant's lung condition on his lung function are contradictory, I find that her opinion must also be accorded lesser weight.

That left the ALJ to consider Dr. Pangan's testimony. Dr. Pangan characterized Rehmel as suffering from moderate lung impairment. From this characterization the ALJ concluded that Dr. Pangan "left open the possibility that Claimant's condition arose out of his coal mine employment." Accordingly, the ALJ held that Amax failed to carry its burden of showing that Rehmel's disability was not due to black lung disease.

Amax does not contest the ALJ's invocation of the regulatory presumption in Rehmel's favor. Amax's sole argument is that the ALJ did not properly and reasonably weigh the evidence supporting its claim that it had rebutted the presumption that Rehmel

was disabled due to black lung disease. We must decide if the ALJ's decision is supported by substantial evidence, defined as "such relevant evidence as a rational mind might accept as adequate to support a decision." *Amax Coal Co. v. Beasley*, 957 F.2d 324, 327 (7th Cir.1992). To show that Rehmel's disability was unrelated to his exposure to coal dust, Amax must demonstrate by a preponderance of the evidence that black lung disease was not a contributing cause of his disability. *Id.* "A 'contributing cause' is a necessary, though not necessarily sufficient, cause of the miner's disability." *Id.*

After review of the record we are convinced that the ALJ's weighing of the evidence was improper. The ALJ is required to examine and weigh all relevant medical evidence, 20 C.F.R. § 727.203(b).

> Our cases establish that as a general rule the ALJ must consider all relevant medical evidence, cannot substitute his expertise for that of a qualified physician, and, absent countervailing clinical evidence or a valid legal basis for doing so, cannot simply disregard the medical conclusions of a qualified physician.

*Wetherill v. Director, OWCP*, 812 F.2d 376, 382 (7th Cir.1987). Rather, the ALJ's decision must be "rational, consistent with the law, and supported by substantial evidence." *Freeman United Coal Co. v. Anderson*, 973 F.2d 514, 517 (7th Cir.1992). The ALJ gave more weight to Dr. Warfel's testimony than to the testimony of Drs. Nay and Pontius. He did this because Dr. Warfel had actually conducted the autopsy while Drs. Nay and Pontius had merely reviewed the report and slides. Standing alone, the fact that Drs. Nay and Pontius did not perform the autopsy is not a valid legal reason for giving their opinion less weight if they are otherwise qualified, *Amax Coal Co. v. Franklin*, 957 F.2d 355, 359 (7th Cir.1992); *Peabody Coal Co. v. Director, OWCP*, 972 F.2d 880, 884 (7th Cir.1992), which they are—Dr. Pontius is an experienced pathologist and Dr. Nay is an experienced cardiologist and pathologist. Nor was there countervailing clinical evidence that called for disregarding the opinions of Drs. Nay and Pontius. Indeed, they agreed with Dr. Warfel that Rehmel's heart ailments and excessive smoking, not his lungs, caused his disability. Moreover, although the ALJ stated that he *gave less weight* to the opinions of Drs. Nay and Pontius, once he declared their opinions inferior to Dr. Warfel's he *ignored* them. The ALJ erred by failing to give any credence to the opinions of Drs. Nay and Pontius and failed to give any valid reason for disregarding the same. The reasoning behind the ALJ's specious method of "weighing" evidence was unexplained and inexplicable. The ALJ could not have properly weighed all the evidence without giving their testimony the consideration it deserved.

Because the ALJ seemed to assume there were contradictions in Dr. Warfel's testimony he in effect refused to give any credence to her testimony. This was error. We were unable to discover any contradictions in her testimony. Consider the statements that the ALJ deemed inconsistent. Both statements reflect that although there was opaque pigmentation in the lungs it could not have significantly affected Rehmel's lung function. Possibly the ALJ thought it inconsistent that Dr. Warfel's autopsy report omits any mention of black lung disease, considering that her subsequent letter to the Department of Labor stated that Rehmel's lung condition fit the category of standard coal worker's pneumoconiosis. But Dr. Warfel explained this seeming inconsistency at her deposition, stating that the very reason she did not initially mention the pigment in the lung was because it was not significant as to the cause of death or that it affected Rehmel during his life. She never did state that he was disabled by black lung disease and then in another instance say that he was not; she said that he had the pigment associated with black lung disease but it was not the cause of death nor did it impair his ability to carry on a normal life. This is not a contradiction. As the perceived contradiction in Dr. Warfel's testimony disappears so does the ALJ's reason for discounting the testimony. Because it is evident that the ALJ failed to properly weigh the evidence without giving Dr. Warfel's testimony the weight it deserved, we conclude that the ALJ failed to adequately explain how he came to the conclusion that black

lung disease was a contributing cause of Rehmel's disability.

We are convinced that after fourteen years of litigation it is time to put this case to rest. Therefore, rather than vacating and remanding for the Board to review the evidence in the same manner as we do on appeal, *see Anderson*, 973 F.2d at 518, we hold that the preponderance of the evidence demonstrated that Amax successfully rebutted the interim presumption of disability. Dr. Pangan's was the only testimony that the ALJ really considered. The ALJ has failed to explain why he did not give at least as much weight to the testimony of Drs. Warfel, Nay, and Pontius, as he did to Dr. Pangan's testimony in determining whether black lung disease was a contributing cause of Rehmel's disability. Dr. Warfel was the lone doctor out of four to state that Rehmel had black lung disease. But after due reflection in a subsequent clarifying letter she reconsidered and explained her findings and testimony and agreed with Drs. Nay and Pontius that arteriosclerosis and high blood pressure caused Rehmel's disability and that the lung pigmentation indicating black lung disease was insignificant as to Rehmel's disability. Furthermore Dr. Pangan's testimony does not contradict the findings of the other doctors. Dr. Pangan stated that, based on pulmonary function studies, he rated Rehmel's lungs as moderately impaired. He said that smoking and heart disease probably contributed to that impairment, and he did not diagnose him as suffering from black lung disease, as broadly defined. *See Franklin*, 957 F.2d at 359. The ALJ concluded that Dr. Pangan's characterization of Rehmel's lung impairment as moderately severe foreclosed rebuttal because it "left open the possibility that Claimant's condition arose out of his coal mine employment." We hold that upon review of the record in its entirety we conclude that the ALJ's decision is not supported in the record, and its conclusions ignore the testimony of Drs. Warfel, Nay, and Pontius. When the evidence is weighed, we are left with the conclusion that at most Rehmel only suffered from traces of black lung disease; and this inconsequential pigmentation, the doctors agreed, failed to rise to the level of total disability. Amax successfully rebutted the interim presumption of total disability, we thus GRANT the petition to review the Board's decision, REVERSE the Board's decision, and deny benefits.