12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Armando DONINI, Petitioner
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Respondent
 No. 93-1355.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 17, 1993.
 
 1
 On Petition for Review from a Decision of the Benefits Review Board, No. 88 BLA 677.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 PETITION DENIED.
 
 ORDER
 
 4
 Armando Donini appeals the decision of the United States Department of Labor Benefits Review Board (Board) affirming the decision of an administrative law judge (ALJ) denying disability benefits under the Black Lung Benefits Act (the Act), 30 U.S.C. Secs. 901, et seq. We affirm and deny the petition for review.
 
 
 5
 On petition for review from a decision of the Board, we determine whether the ALJ's decision is rational, consistent with governing law, and supported by substantial evidence. Old Ben Coal Co. v. Battram, No. 92-3809, slip op. at 3 (7th Cir. Oct. 6, 1993); Freeman United Coal Mining Co. v. OWCP, 988 F.2d 706, 709 (7th Cir.1993). While we do not reweigh the evidence or substitute our own judgment for that of the ALJ, we review the record and the ALJ's findings. Battram, No. 92-3809, slip op. at 3.
 
 
 6
 A coal miner is entitled to an interim rebuttable presumption of total disability due to pneumoconiosis if he engaged in that employment for at least ten years and presented medical evidence of pneumoconiosis.[1] 20 C.F.R. 727.203(a)-(b); see Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 141 (1987). If the coal miner has less than 10 years mine employment, he still may qualify for benefits if he can prove that he suffers from pneumoconiosis and that he is disabled by it arising from his mine employment. 20 C.F.R. Secs. 727.203(d), 718.1-718.404; see Strike v. Director, OWCP, 817 F.2d 395, 406 (7th Cir.1987). The ALJ found that Donini had less than ten years of coal mine employment,[2] and that he was not totally disabled due to pneumoconiosis arising out of that employment.
 
 
 7
 First, Donini argues that the ALJ improperly excluded one year and three months of his mine employment at Peabody Coal. Donini, however, does not meet his burden of establishing this additional employment. 20 C.F.R. Sec. 727.203(b)(3). On his employment history form, Donini listed his employment at Peabody Coal from 1930 to 1932. He later altered this period by hand to read 1928 to 1932. At the hearing before the ALJ, Donini testified that he started working at Peabody in 1928. The ALJ found no evidence to corroborate Donini's testimony or to clarify the discrepancy between the form and his testimony. The ALJ therefore discredited Donini's testimony as being inconsistent with the allegations in his unaltered work history form. The ALJ relied on the unaltered work history form to credit Donini with three years of employment with Peabody from 1930-1932. We cannot say that this determination is irrational or unsupported by substantial evidence.
 
 
 8
 Second, Donini argues that the ALJ improperly excluded one year and nine months of his mine employment at the French Coal Mine from 1946 to 1948. Donini testified at the hearing before the ALJ that he did not work as a miner after he completed his duty in the Army in 1946. The ALJ relied on Social Security records and Donini's unequivocal and specific testimony to exclude any years of mine employment after 1942.[3] This conclusion is rational, supported by substantial evidence and comports with current law.
 
 
 9
 Third, Donini argues that the ALJ improperly determined that the causal relationship between his pneumoconiosis and coal mine employment was not proven. See 20 C.F.R. 718.203. It is Donini's burden to establish that his condition arose out of his coal mine employment. Landes v. OWCP, 997 F.2d 1192, 1194 (7th Cir.1993). The ALJ must determine that the pneumoconiosis arose in part out of Donini's employment only if competent evidence establishes such a relationship. 20 C.F.R. Sec. 718.203(c). The ALJ is required to examine and weigh all relevant medical evidence in his function as a fact-finder. Amax Coal Co. v. Director, OWCP, 993 F.2d 600, 602 (7th Cir.1993); Poole v. Freeman United Coal Min. Co., 897 F.2d 888, 895 (7th Cir.1990).
 
 
 10
 Looking to medical reports, x-rays, blood gas studies and ventilatory studies, the ALJ found that Donini had established the presence of pneumoconiosis. The ALJ, however, did not find the requisite causal connection between Donini's disease and his coal mine employment. In reaching this conclusion, the ALJ reviewed the medical reports of several doctors who examined Donini, and found that none of them "provided a definitive opinion as to the etiology of [Donini's] respiratory problems." The ALJ noted that while coal dust exposure need not be the sole cause of Donini's condition, there was a lack of competent evidence proving the causal connection.[4] The record showed that Donini worked for many years as a cement finisher and insulator, which exposed him to asbestos. After reviewing the medical records, we conclude that the ALJ's finding that Donini's condition did not arise from his coal mine employment was rational and supported by substantial evidence.
 
 
 11
 PETITION DENIED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Because Donini's claim was filed between July 1, 1973 and April 1, 1980, his claim is covered by the "interim regulations" promulgated under 20 C.F.R. Sec. 727. Battram, No. 92-3809, slip op. at 2
 
 
 [2]
 The ALJ found that Donini had eight years and three months coal mine employment, although the Board determined that the ALJ's allowances totalled nine years and nine months. The Board noted that the ALJ may have erred in calculating Donini's total employment. However, the Board held that because the ALJ's finding of less than ten years employment was supported by substantial evidence, the error was harmless. See Johnson v. Jeddo-Highland Coal Co., 12 BLR 1-53 (1988)
 
 
 [3]
 Donini presented new evidence on appeal to this court. We must rely on the same record considered by the ALJ, and therefore do not consider this evidence
 
 
 [4]
 After the ALJ issued his decision, the Supreme Court decided Pittson Coal Group v. Sebben, 488 U.S. 105 (1988). Sebben allows coal miners with less than ten years of coal mine employment, whose claim were filed before March 31, 1980, to qualify for benefits under 20 C.F.R. 410.490(b). We need not assess the availability of Sec. 410.409(b) because Donini failed to show that his pneumoconiosis arose out of his coal mine employment, a requisite burden under both Sec. 410.409(b) and Sec. 718.203