19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
FREEMAN UNITED COAL MINING COMPANY, Petitioner,
v.
OFFICE OF WORKERS' COMPENSATION PROGRAM, Respondent.
 No. 92-3130.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 3, 1993.
Decided March 1, 1994.
 
 Before LAY*, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Freeman United Coal Company (Freeman) petitions this court for review of a final decision of the United States Department of Labor Benefits Review Board (the Board), affirming an award of disability benefits under the Black Lung Benefits Act (the Act), 30 U.S.C. Secs. 901 et seq. For the following reasons, we affirm the award and deny the petition for review.
 
 I. Background
 
 2
 The claimant, Robert McRoy (McRoy), worked as a coal miner from January 1947 until January 1979. His last twelve years as a miner, from July 10, 1967 to January 3, 1979, were spent with Freeman. After developing a pulmonary disease, McRoy left Freeman, and filed an application with the Department of Labor claiming that he was entitled to benefits under the Act. Since then, this case has been before the ALJ and the Board on two separate occasions. In his original decision and order of January 3, 1985, the ALJ found that because McRoy had engaged in at least ten years of coal mine employment and had submitted a qualifying pulmonary function study, he was able to invoke an interim presumption of total disability due to coal worker's pneumoconiosis as provided in 20 C.F.R. Sec. 727.203(a)(2).[1] However, the ALJ also found that Freeman, pursuant to Sec. 727.203(b) of the same regulations, had successfully rebutted this presumption, presumably by establishing that McRoy was able to do his usual coal mining duties or comparable work. Consequently, the ALJ denied benefits. On review, the Board vacated the ALJ's decision because he had failed to consider the medical report of Dr. Chiou, which the Board noted, was relevant to undermining Freeman's establishment of rebuttal under the regulations. To determine whether Freeman could successfully rebut McRoy's interim showing of pneumoconiosis, the Board remanded and instructed the ALJ to consider Dr. Chiou's report and medical assessment of McRoy's physical limitations. It also instructed the ALJ to review McRoy's own testimony concerning the physical requirements of his usual coal mining duties.
 
 
 3
 On remand, the ALJ found that, based on the medical report of Dr. Chiou in conjunction with the testimony of McRoy, the evidence did not support rebuttal and awarded benefits. The Board affirmed the ALJ's award. Freeman filed this timely petition for review pursuant to 33 U.S.C. Sec. 921(c), alleging that the ALJ erred in finding Freeman had not rebutted the presumption of total disability pursuant to 20 C.F.R. Secs. 727.203(b)(2), and (b)(4).
 
 II. Analysis
 
 4
 Although this is an appeal from a final decision of the Board, our task is to review the decision of the ALJ, not of the Board. Old Ben Coal Co. v. Battram, 7 F.3d 1273, 1275 (7th Cir.1993). We must determine whether the ALJ's decision is rational, supported by substantial evidence, and consistent with the governing law. Id. While this entails thoroughly reviewing the record and the ALJ's findings, we are not empowered to reweigh the evidence or substitute our judgment for that of the ALJ. Id.
 
 
 5
 When the interim presumption of Sec. 727.203(a) has been invoked, the miner is considered totally disabled due to pneumoconiosis that arose from his coal mining employment. See Peabody Coal Co. v. Shonk, 906 F.2d 264, 269 (7th Cir.1990). At that point, the employer can overcome the presumption of totally disabling pneumoconiosis by establishing one of the four rebuttal provisions listed in Sec. 727.203(b). Freeman contends that the evidence supported rebuttal under two of these provisions, Secs. 727.203(b)(2) (miner is able to perform usual coal mining duties or comparable employment) and 727.203(b)(4) (miner does not suffer from clinical or statutory pneumoconiosis), and that the ALJ's finding of no rebuttal under both provisions was erroneous. We address each of these in turn.
 
 
 6
 A. Rebuttal under 20 C.F.R. Sec. 727.203(b)(2)
 
 
 7
 Paragraph (b)(2) of the regulation allows the employer to rebut the presumption of total disability by showing that "[i]n light of all relevant evidence it is established that the claimant is able to do his usual coal mine work or comparable and gainful work." 20 C.F.R. Sec. 727.203(b)(2). We have observed that "the proper inquiry under 20 C.F.R. Sec. 727.203(b)(2) seems to be whether any impairment prevented a miner from doing his usual job." Peabody, 906 F.2d at 269 (citing Wetherhill v. Director, OWCP, 812 F.2d 376, 379 (7th Cir.1987)) (emphasis in original). On remand from the Board, the ALJ noted the observations of Dr. Chiou on McRoy's black lung claim form that McRoy suffered from emphysema and mild to moderate restrictive lung disease. Dr. Chiou's report also stated that, as a result of these pulmonary impairments, McRoy was unable to engage in excessive walking or climbing. The ALJ next turned to McRoy's testimony concerning his coal mining duties, and found that McRoy's duties as a continuous coal mine operator required him to climb, walk, and engage in other heavy work requirements. The ALJ concluded that this testimony, coupled with Dr. Chiou's assessments of McRoy's emphysema and restrictive lung disease, sufficiently supported the inference that McRoy was unable to perform his usual coal mining duties. The ALJ further noted that none of Freeman's physicians found that McRoy was able to do his usual coal mine employment. As a result, the ALJ concluded that the evidence was insufficient to establish rebuttal under Sec. 727.203(b)(2).
 
 
 8
 Freeman challenges the ALJ's finding that walking and climbing were an inherent part of McRoy's usual coal mining duties. However, it is the function of the ALJ to weigh the evidence and draw inferences from it; we, as a reviewing court, may not set aside an ALJ's factual determinations merely because we would draw an alternate inference or because we question the factual basis supporting the ALJ's inference. See Freeman United Coal Min. Co. Anderson, 973 F.2d 514, 517 (7th Cir.1992); Poole v. Freeman United Coal Min. Co., 897 F.2d 888, 893 (7th Cir.1990). McRoy testified before the ALJ that his last years at Freeman were spent operating a continuous coal miner (apparently some type of coal extracting machinery although the record does not make this clear). In response to the ALJ's questions, McRoy testified that, despite the seemingly stationary nature of this job, under the right conditions, even this job required the ability to engage in fast walking. Tr. at 30-31. McRoy also testified that this job would occasionally require climbing, usually around other machinery. Id. at 31. While by no means overwhelming, the testimony met the substantial evidence test and supported the ALJ's determination that McRoy's usual duties at Freeman required him to engage in excessive walking and climbing.
 
 
 9
 Freeman also criticizes the ALJ for "exclusively" relying upon the medical report of Dr. Chiou in determining that McRoy suffered from a pulmonary impairment which rendered him unable to perform his usual coal mining duties. This mischaracterizes the ALJ's analysis. The ALJ considered not only the report of Dr. Chiou, but also the reports of Freeman's doctors, most notably Dr. Campbell and Dr. Helmy, in making his determination. The ALJ discussed a report of Dr. Helmy, submitted by Freeman post-hearing, in which Dr. Helmy reported McRoy's lungs as clear with no significant pulmonary abnormality. This report, however, says nothing about the absence of a pulmonary impairment, nor whether McRoy is able to perform his usual coal mine work or comparable activities. The report therefore has no evidentiary significance in rebutting the report of Dr. Chiou.
 
 
 10
 The ALJ devoted considerable time to Dr. Campbell's report, apparently because it was the most comprehensive. Dr. Campbell reported that McRoy could walk between three to four blocks carrying a light load of groceries, and could climb one flight of stairs without stopping. He reported normal chest x-rays with no objective evidence of coal miner's pneumoconiosis, and possible angina pectoris. Dr. Campbell noted, however, that since he was unable to successfully conduct a pulmonary exercise test, he could not accurately quantify the extent of any possible ventilatory impairment. The ALJ correctly noted that, due to this inability to quantify McRoy's pulmonary condition, Dr. Campbell's report deserved little to no weight in rebutting any of the pulmonary impairments noted in the report of Dr. Chiou. Accordingly, we conclude that the ALJ acted rationally and within the permissible bounds of his discretion in determining that Dr. Campbell's opinions were too equivocal for the purposes of rebuttal under Sec. 727.203(b)(2).
 
 
 11
 More importantly, since none of Freeman's retained physicians found that McRoy was able to perform his usual work, it was understandable, and thus rational, for the ALJ to assign these reports little probative value in determining whether rebuttal was established under Sec. 727.203(b)(2). Freeman has the burden to establish by a preponderance of the evidence, see Amax Coal Co. v. Beasley, 957 F.2d 324, 327, 328 (7th Cir.1992), that despite any impairments McRoy was still able to perform his usual or comparable work. Freeman failed to put forward the rebuttal evidence necessary under Sec. 727.203(b)(2) and therefore cannot now complain that the ALJ disregarded the evidence.
 
 
 12
 B. Rebuttal under Sec. 727.203(b)(4).
 
 
 13
 An employer can establish rebuttal under paragraph (b)(4) if it can show that the claimant "does not, or did not, have pneumoconiosis." 20 C.F.R. Sec. 727.203(b)(4). Pneumoconiosis encompasses not only clinical pneumoconiosis as defined by the medical community but also statutory pneumoconiosis as more broadly defined by the Act and the regulations. See Chastain v. Freeman United Coal Min. Co., 919 F.2d 485, 488 (7th Cir.1990). Under the regulations, pneumoconiosis is defined as a "respiratory [or] pulmonary impairment[ ], arising out of coal mine employment." 20 C.F.R. Sec. 727.202. For purposes of this regulation, a respiratory or pulmonary impairment "arising out of coal mine employment" is one that is "significantly related to, or aggravated by, dust exposure in coal mine employment." Id. The ALJ found that since none of Freeman's physicians reported that McRoy's respiratory impairments resulted from other factors, such as his two to three pack-a-day cigarette habit as compared to dust exposure in his coal mine employment, Freeman failed to establish rebuttal under Sec. 727.203(b)(4).
 
 
 14
 Freeman argues that other x-ray, blood gas and pulmonary study evidence, along with Dr. Campbell's opinion that McRoy did not have clinical pneumoconiosis, all demonstrate that the ALJ's finding of no rebuttal under (b)(4) is not supported by substantial evidence. But Freeman is simply arguing the absence of clinical pneumoconiosis. In order to establish rebuttal under (b)(4), it was also necessary for Freeman to disprove the presumptively causal relation between McRoy's respiratory or pulmonary impairments and his coal dust exposure--that is, the absence of statutory pneumoconiosis. See Chastain, 919 F.2d at 488-89. This Freeman failed to do.[2] Therefore, the ALJ was correct in determining that Freeman's evidence was insufficient to establish rebuttal under (b)(4).
 
 III. Conclusion
 
 15
 Substantial evidence supports the ALJ's determination that rebuttal is not available under Sec. 727.203(b)(2) and (b)(4). Therefore, we AFFIRM the ALJ's award of benefits under the Act, and DENY Freeman's petition for review.
 
 
 
 *
 Hon. Donald P. Lay, Circuit Judge for the Eighth Circuit, is sitting by designation
 
 
 [1]
 The interim presumption in 20 C.F.R. Sec. 727.203(a)(2) provides as follows:
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:
 * * *
 (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease (which meets the requirements for duration in Sec. 410.412(a)(2) of this title)....
 
 
 [2]
 For this reason, Freeman's reference to our decision in Freeman United Coal Min. Co. v. Anderson, 973 F.2d 514 (7th Cir.1992) is inappropriate. In Anderson, we stated that the same evidence used to invoke a presumption of pneumoconiosis under Sec. 727.203(a)(2) may be insufficient to ward off rebuttal based on an insufficient causal connection between the disability and coal mining. 973 F.2d at 519. In that case, Freeman did present evidence demonstrating that other factors besides exposure to coal dust caused the claimant's pulmonary disease. We therefore concluded that Freeman had sufficiently rebutted the claimant's presumptive showing of pneumoconiosis and reversed the award of benefits. Here, by contrast, Freeman put forward absolutely no evidence to rebut the presumptively causal connection between McRoy's pulmonary and respiratory impairments and his exposure to coal dust